UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CONCERT HEALTH PLAN INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | No. 13 C 446 |
| v. | ) ) ) | Judge Ronald A. Guzmán |
| PRIVATE HEALTHCARE SERVICES and MULTIPLAN, INC., | ) ) ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants Private Healthcare Services ("PHCS") and Multiplan, Inc. removed this suit for breach of contract, breach of fiduciary duty and fraud from state court. Plaintiff contends that the removal was improper and moves the Court for an order remanding the case to state court. For the reasons set forth in below, the Court denies plaintiff's motion.

**Background**

Under Illinois law, "[t]he plaintiff in any civil action may designate as respondents in discovery in his or her pleading those individuals or other entities, other than the named defendants, believed by the plaintiff to have information essential to the determination of who should properly be named as additional defendants in the action." 735 Ill. Comp. Stat. 5/2-402. A petition for discovery is not a complaint and it does not make the respondent a party to a lawsuit. *See Delestowicz v. Labinsky*, 681 N.E.2d 1008, 1009 (Ill. App. Ct. 1997) ("A pleading that names respondents in discovery does not constitute a complaint at law; it is simply a discovery device."). However, if discovery yields probable cause for the petitioner to assert a claim against the

respondent, the court may permit the petitioner to name the respondent as a party defendant. *See* 735 Ill. Comp. Stat. 5/2-402.

That is what happened in this case. On May 15, 2012, plaintiff filed a petition for discovery against defendants in state court. (Mot. Remand ¶ 1; *see id.*, Ex A, Pet. Discovery.) On November 5, 2012, plaintiff sought leave to convert the petition into a complaint. (*See id.*, Ex. I, Mot. Leave Convert.) Defendants objected to the motion, arguing that the court lacked personal jurisdiction over them because they had not been properly served. (*See id.*, Ex. J, Email from Leatherman to Farahvar (Nov. 5, 2012).) On November 8, 2012, the court granted plaintiff's motion over defendants' objection. (Mot. Remand ¶ 8.)

On November 12, 2012, defense counsel said the following in an email to plaintiff's counsel: "This email confirms our agreement to accept, as counsel for Multiplan and PHCS, service of your amended complaint. As our objection to personal jurisdiction was premised upon lack of proper service, this should also alleviate your concern about that." (*See* Mot. Remand, Ex. L, Email from Leatherman to Farahvar (Nov. 12, 2012).)

On November 14, 2012, plaintiff emailed the amended complaint to defense counsel, but because the parties were trying to settle the dispute, plaintiff did not file it until December 18, 2012. (*See* Mot. Remand ¶ 14; *id.*, Ex. M, Email from Farahvar to Leatherman (Nov. 14, 2012) ("Per our agreement, enclosed is the Complaint which we plan to file if we cannot [sic] success in settlement discussions.").) On December 21, 2012, defense counsel received by mail a copy of the complaint, which was identical to the one plaintiff's counsel had emailed to him the month before. (Defs.' Mem. Opp'n Remand at 2.)

On January 18, 2003, defendants removed the suit to this Court, invoking its diversity jurisdiction. Plaintiff contends that the suit was improperly removed and should be remanded to state court.

## **Discussion**

Plaintiff argues that defendants waived their right to remove because they consented to the state court's jurisdiction.[1] But plaintiff does not offer, and the Court has not found, any authority for the notion that consenting to the state court's personal jurisdiction constitutes a waiver of the right to remove. Rather, the cases say that waiver of the right "must be clear and unequivocal," not implied or inferred, and that "the right to remov[e] is not lost by participating in state court proceedings short of seeking an adjudication on the merits." *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 428 (5th Cir. 2003); *Resolution Trust Corp. v. Bayside Developers*, 43 F.3d 1230, 1240 (9th Cir. 1994) (same); *see Cogdell v. Wyeth*, 366 F.3d 1245, 1249 (11th Cir. 2004) (holding that the defendant's filing of a motion to dismiss in state court did not defeat its subsequent removal because the removal notice was filed before the state court ruled on the motion); *see also Fellhauer v. City of Geneva*, 673 F. Supp. 1445, 1448 (N.D. Ill. 1987) ("In the removal context, waiver consists of affirmative conduct or unequivocal assent of a sort which would render it offensive to

---

[1]The Court need not decide whether that is true, but notes that, despite defendants' argument to the contrary, the record suggests that they consented to the state court's jurisdiction. (Mot. Remand, Ex. L, Email from Leatherman to Farahvar (Nov. 12, 2012) (defense counsel confirming that he will accept service for defendants and stating: "As our objection to personal jurisdiction was premised upon lack of service, this should also alleviate your concern about that.")); *see Owens v. Snyder*, 811 N.E.2d 738, 743 (Ill. App. Ct. 2004) ("[P]ersonal jurisdiction can vest in the trial court if a party, by his actions, consents to or waives personal jurisdiction.").

fundamental principles of fairness to remand.") (quotation omitted). Thus, defendants' alleged consent to jurisdiction did not waive their right to remove.

Alternatively, plaintiff argues that the case should be remanded because defendants filed their removal notice too late. With respect to timing, § 1446 says:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Plaintiff argues that the thirty-day removal clock started to run on November 14, 2012, when plaintiff emailed the complaint to defendants, and thus expired on December 14, 2012. But plaintiff did not file the complaint until December 18, 2102. Thus, there was nothing to remove from state court until that date. *See* 735 Ill. Comp. Stat. 5/2-201 ("Every action . . . shall be commenced by the filing of a complaint."); *Delestowicz*, 681 N.E.2d at 1009 (stating that a petition in discovery "does not constitute a complaint at law").

Moreover, plaintiff did not, on the day of filing, serve defense counsel or otherwise notify him that the complaint had been filed. Rather, plaintiff mailed the complaint to defense counsel, which they received on December 21, 2012. (*See* Defs.' Mem. Opp'n Remand at 6.) Thus, even if defendants waived service, as plaintiff contends, there is no evidence that plaintiff told defendants or that defendants otherwise knew before December 21, 2102 that the complaint had been filed. Because defendants filed the notice of removal less than thirty days later, it is timely. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999) ("We read Congress' provisions for removal in light of a bedrock principle: An individual or entity named as a defendant

is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process.").

Alternatively, plaintiff argues that the removal notice is defective because defendants did not attach to it "a copy of all process, pleadings, and orders served upon [them]," as the statute requires. *See* § 1446(a). However, plaintiff does not identify any pleadings or orders served on defendants in connection with this suit, as opposed to the petition in discovery, that defendants failed to attach. Accordingly, the Court rejects this argument.

Finally, plaintiff argues that removal is improper because Multiplan, like plaintiff, is a citizen of Illinois. *See* § 1332 (stating that diversity jurisdiction requires that the parties be citizens of different states). For purposes of diversity jurisdiction, a corporation is a citizen of "any state in which it has been incorporated and . . . the state where it has its principal place of business." *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993). "A company's principal place of business is where its 'nerve center' is located, or, more concretely, where its executive headquarters are located." *Ill. Bell Tel. Co., Inc. v. Global NAPs Ill., Inc.*, 551 F.3d 587, 590 (7th Cir. 2008).

Multiplan is a New York corporation with its corporate headquarters and executive offices, those of its President/Chief Executive Officer, Treasurer/Chief Financial Officer, Secretary/General Counsel and Chief Operating Officer, in New York. (*See* Defs.' Mem. Opp'n Mot. Remand, Ex. A, Feller Decl. ¶¶ 2-3.) Accordingly, though it has an office and employees in Illinois (*see* Mot. Remand at 11), Multiplan's principal place of business is New York. Thus, lack of diversity is not a basis for remand.

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion to remand [13].

**SO ORDERED.**                              **ENTER: March 19, 2013**

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**