# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 446 | **DATE** | 5/28/2013 |
| **CASE TITLE** | Concert Health Plan Insurance Company vs. Private Healthcare Services, et al. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this order, the Court denies Multiplan's motion for judgment on the pleadings [37].

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

Defendant Multiplan, Inc. has filed a Federal Rule of Civil Procedure ("Rule") 12(c) motion for judgment on the pleadings on the fraudulent concealment claim plaintiff asserts against it. A Rule 12(c) motion is subject to the same standard as a motion under Rule 12(b)(6). *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Thus, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). However, to defeat this motion, plaintiff must state a plausible claim for relief, and do so "with particularity" as required by Rule 9(b). *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 395 (7th Cir. 2009).

Plaintiff first argues that the motion is premature because the pleadings are not yet closed. *See* Rule 12(c) ("After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings."). Plaintiff is mistaken. Pleadings are closed "after the complaint and answer have been filed by the parties." *Buchanan-Moore*, 570 F.3d at 827. Because that is the case here, the motion is timely.

Plaintiff also argues that the motion should be denied on the merits because the complaint adequately alleges a claim of fraudulent concealment. To state such a claim, "plaintiff must allege that the defendant concealed a material fact when he was under a duty to disclose that fact to plaintiff." *Connick v. Suzuki Motor Co., Ltd.*, 675 N.E.2d 584, 593 (Ill. 1996). Defendant has a duty to disclose a fact if it has a fiduciary relationship with plaintiff or by virtue of expertise or agency is "in a position of influence and superiority over plaintiff," *id.*, or "makes an affirmative statement [to plaintiff] that it passes off as the whole truth while omitting material facts that render the statement a misleading half-truth." *Crichton*, 576 F.3d at 397-98; *see Munjal v. Baird & Warner, Inc.*, 485 N.E.2d 855, 862-63 (Ill. App. Ct. 1985) ("While silence in a business transaction does not necessarily amount to fraud, silence accompanied by deceptive conduct or suppression of material facts results in active concealment."), *overruled on other grounds*, *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801 (Ill. 2005).

| STATEMENT |
|---|

Plaintiff alleges that: (1) it hired defendant Private Healthcare Services, Inc. ("PHCS") to provide it with health care networks and fee adjustment services; (2) subsequently, Multiplan acquired PHCS, though the two remained separate companies; (3) sometime after the acquisition, plaintiff began to suspect that PHCS was giving it inaccurate pricing information; (4) when plaintiff asked Multiplan (and PHCS) for PHCS' pricing records, Multiplan gave it false and misleading pricing documents; and (5) in reliance on the information it received from Multiplan, plaintiff overpaid various healthcare providers. (Compl. ¶¶ 1, 6-9, 61-70.)

These allegations contain the elements of a fraudulent inducement claim, but do they satisfy Rule 9(b)? To "add[] flesh to the bones of the word particularity, [the Seventh Circuit] has often incanted that a plaintiff ordinarily must describe the who, what, when, where, and how of the fraud – the first paragraph of any newspaper story." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441-42 (7th Cir. 2011) (quotation omitted). Plaintiff's allegations generally describe the who, Multiplan, and the what, pricing information, but not the when, where or how. That is not fatal, however, given that plaintiff says he tried, without success, to obtain the needed information from defendants before filing suit and discovery in this suit is ongoing. *See Emery v. Am. Gen. Fin., Inc.*, 134 F.3d 1321, 1323 (7th Cir. 1998) (stating that "Rule 9(b) is relaxed upon a showing" that plaintiff cannot "obtain essential information without pretrial discovery (normally of the defendant, because the essential information is in his possession and he will not reveal it voluntarily) that she could not conduct before filing the complaint"); *Corley v. Rosewood Care Ctr., Inc.*, 142 F.3d 1041, 1051 (7th Cir. 1998) ("We have noted on a number of occasions that the particularity requirement of Rule 9(b) must be relaxed where the plaintiff lacks access to all facts necessary to detail his claim, and that is most likely to be the case where, as here, the plaintiff alleges a fraud against one or more third parties.").